```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

MELISSA SALINAS,

      Plaintiff,
v.                                Case No. 8:10-cv-2100-T-33TBM

UNITED STATES OF AMERICA, JOSEPH
PECORARO, M.D., and MANATEE
MEMORIAL HOSPITAL, L.P. d/b/a
Manatee Memorial Hospital,

      Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Manatee Memorial Hospital's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint (Doc. # 38), filed on July 1, 2011. Plaintiff filed a Response in Opposition to the Motion on July 18, 2011 (Doc. # 41), and Manatee Memorial filed a Reply (Doc. # 45) on July 25, 2011. For the reasons that follow, the Court grants the Motion to Dismiss without prejudice and grants Plaintiff leave to amend the Complaint as requested in Plaintiff's Response.

**Discussion**

This action was initiated on September 21, 2010, when Fernando Salinas filed a Federal Tort Claims Act complaint on behalf of his child, Melissa Salinas, against the United States of America and Joseph Pecoraro, M.D. (Doc. # 1). On January 31, 2011, the parties filed a joint motion to stay this case, which this Court granted. (Doc. # 10, 11). On May

2, 2011, the Court lifted the stay of this action (Doc. # 12), and on May 5, 2011, Plaintiff filed an unopposed motion to amend the Complaint. (Doc. # 15). In the motion to amend, Plaintiff explained that Melissa Salinas reached the age of majority and desired to prosecute this action on her own behalf. Plaintiff also indicated that Manatee Memorial Hospital should be added as a Defendant. The Court granted the motion to amend on May 6, 2011. (Doc. # 16). On June 20, 2011, Plaintiff, once again, filed an unopposed motion to amend the Complaint, which this Court granted. (Doc. ## 33, 35). Plaintiff's Second Amended Complaint (Doc. # 36), filed June 21, 2011, is the operative Complaint.

In the Second Amended Complaint, Plaintiff alleges that she suffered from two botched surgical procedures on June 22, 2009, at Manatee Memorial Hospital, a federally supported community health center. (Doc. # 36 at ¶ 9). In Count One, she sues the United States alleging that it, through its employee George Childs, M.D., failed to "render that level of care and attention that other reasonable and prudent medical providers would provide under similar circumstances" and "deviated from the acceptable and prevailing appropriate standard of care." Id. at ¶¶ 25-26.

In Count Two, Plaintiff sues Joseph Pecoraro, M.D. alleging that he "failed to provide competent medical care" as

follows:

    a.   Failed to properly treat and diagnose the condition of Melissa Salinas;
    b.   Failed to timely recognize the source of the significant intraabdominal bleeding so as to be able to properly repair the source of the bleeding;
    c.   Improperly proceeded to close the initial operative site without first completing the necessary repairs of the venous tears;
    d.   Failed to identify and properly repair tears which occurred on the anterior surface of the right common iliac vein and the anterior surface of the vena cava prior to closure of the operative site;
    e.   Failed to properly control the rapid venous bleeding within the operative site.

Id. at ¶ 31.

Plaintiff sues Manatee Memorial under a theory of "actual agency/respondeat superior" in Count Three, claiming that Manatee Memorial is vicariously liable for Joseph Pecoraro, M.D.'s alleged negligence. Id. at ¶¶ 33-42. Similarly, in Count Four, Plaintiff sues Manatee Memorial under the theory of apparent agency, arguing that Manatee Memorial "is responsible for the negligence of Defendant Joseph Pecoraro, M.D. even if Defendant Manatee Memorial had no actual control or right of control over Joseph Pecoraro, M.D." Id. at ¶ 44.

In Count Five, Plaintiff sues Manatee Memorial for "informed consent" alleging that Manatee Memorial failed in its duty "to exercise reasonable care in informing Plaintiff, Melissa Salinas and/or her parents of the risks of harm reasonably to be expected from the surgical procedure

recommended, and further . . . to properly explain the nature, extent and course of said procedure together with a disclosure of all known risks." Id. at ¶ 51. Plaintiff specifically alleges that Manatee Memorial deviated from the standard of care by:

> a. Failing to obtain proper and sufficient informed consent from any parent or other guardian acting on behalf of Melissa Salinas, a minor at the time of the medical services provided;
> b. Failing to properly and sufficiently translate any written informed consent for any parent or any other guardian acting on behalf of Melissa Salinas . . .;
> c. Attempting to acquire informed consent from Melissa Salinas who was a minor at the time said medical services were provided and was therefore not legally authorized to give consent at the time said medical services were provided.

Id. at ¶ 52.

Manatee Memorial seeks an order dismissing Count Five of the Complaint arguing that Florida's Medical Consent Law, codified at Florida Statute Section 766.103 (2011), "does not impose any duty upon a hospital to obtain proper informed consent." (Doc. # 38 at 2). Rather, Manatee Memorial argues that the obligation to obtain informed consent falls squarely upon the shoulders of medical practitioners.

Plaintiff filed a Response in Opposition to the Motion to Dismiss wherein Plaintiff suggests that leave to amend the Complaint (as to Count V only) should be granted to resolve

4

the issues framed in the Motion to Dismiss.  In light of the nature of this case and the novel legal issue presented, the Court deems it appropriate to allow Plaintiff one more bite at the proverbial apple.  Plaintiff may file her proposed Third Amended Complaint (Doc. # 41 at 8-25) within three days of the date of this Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Manatee Memorial Hospital's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint (Doc. # 38) is **GRANTED without prejudice**.

(2) Plaintiff is permitted to file her Third Amended Complaint, as specified above, within three days of the date of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of December, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record